Thank you. May it please the Honorable Court, Richard Schoenfeld appearing for the appellant, Mane Shah. With the Court's permission, I'd like to reserve two minutes for rebuttal. This case arises from the FBI assisting the state of Nevada in a criminal investigation that resulted in charges being lodged against Dr. Mane Shah for sexual assault. Is this a state law case? It is, Your Honor. And in state court in Nevada, the charge of sexual assault is essentially the second most serious crime someone can be charged with when he faces potential life in prison. The facts in this case in the district court federal proceedings are not in dispute. As a result of that, the standard that is employed for review here is de novo, and we find that useful for us in the service. So what are those facts? Excuse me, Counsel. Yes, Your Honor. Is the results of the polygraph examination admissible in a Nevada criminal proceeding? That really gets to the heart of the issue. Did you start with a yes or no? It is under certain circumstances. There is no Nevada statute that prohibits the use of polygraph results. What the case law says when we look at Dominguez and we look at Jackson is if there is a stipulation between the parties prior to the polygraph examination being performed, then those results can be admitted into evidence for the veracity of those results. That is not what Dr. Shah intends to do in this case. Obviously, as his counsel, I am not going to walk in front of a jury and say, by the way, my client, Dr. Shah, failed the polygraph examination. What do you intend to do with the requested data? We intend to do with the results what the Nevada Supreme Court in State v. Mason said was an appropriate defense and something that is actually a due process procedure. And what that is is we are going to challenge the police investigation and challenge the merits of the prosecution. And the way we would do that is by establishing that the polygraph results were not as interpreted by the FBI and the State of Nevada. I don't understand it. Did you all enter a stipulation saying that those results could come in? No, Your Honor, but we wouldn't be admitting the results into evidence. We would be using them to say when you interpreted these results or, for example, the case agent, let's keep it at a state level. Well, I don't know Nevada law, but I'm just curious. Do you think that it's possible that you're going to be able to discuss the polygraph in this way? Yes, I do believe it is possible. In other words, are you saying that this is trial or it's a pretrial motion about the indictment or what is it? It could be used for two purposes. The first is that Dr. Shah was arrested as a result of an affidavit in support of arrest warrant where they relied upon the polygraph results for the probable cause. So if we were able to establish that he actually passed the polygraph or that it was inconclusive, we could use it to challenge that. But more significant, what we would do is demonstrate that as soon as the case agent in North Las Vegas Police Department believed that Dr. Shah failed the polygraph, he excluded all other suspects and he narrowed his investigation. Why is the polygraph significant to that? Why can't you just say once they focused on him, they didn't focus on anyone else? Because it also demonstrates their failures in the investigation. They believed that it was a failed polygraph result when it really was a pass. It shows that they failed. But I still don't understand how that request is going to allow you to get that into court when the law in Nevada is that it only comes in if you stipulate it. The law in Nevada does not address impeachment. So we would be using the polygraph results to impeach, not harass. Is there any precedent for that to use polygraph procedures or anything relating to it or the results for impeachment if you can't bring it in under the stipulation? Under Nevada law, there is no precedent for that. There is precedent in U.S. District Court cases, not necessarily for using the polygraph results for that narrow purpose. But if you look, for example, in U.S. v. Park, which was Eastern District of New York. If you talk to the district, but due to your state court judge, just find out whether that's going to be possible. And that's the interesting part here. The state court judge issued an order that the charts, raw data and material must be produced to the defense. So you have a state court judge who was responsible for presiding over the proceedings saying we are entitled to this material. It must be produced for trial purposes? Yes. Or it was produced based on the request that was made previously to the assistant district attorney? Well, it was based on we filed a motion, Your Honor, and the government in their brief says it was a subpoena. We actually had a court order issued from the district judge presiding over Dr. Shaw's criminal case saying produce the polygraph material charts, raw data. That was before all of this litigation regarding whether this is privileged or not. Well, this litigation arises as a result of us giving the order to the government. But the sequence is that that request occurred before all of this dispute happened regarding whether you're actually going to get the polygraph results. Yes. So I'm going to interpret the question. We go back to the district court judge in Dr. Shaw's case and say, by the way, if we were able to get this material, would we be able to use it? No, we have not done that. It seems to me, counsel, and I'll certainly defer to your knowledge of Nevada criminal law, but it certainly seems to me that you could go back to the judge presiding in Dr. Shaw's criminal case and ask for a range of sanctions based on the refusal to provide the information that you're seeking, including a redetermination of probable cause, dismissal, et cetera. Why can't you do that? We can. Why can't you use the refusal to your advantage? We can, and we intend to. We actually already, it's not part of this record, but I'm being asked. We've actually filed a motion to dismiss for the Brady violation and asked that the court defer ruling on it until an ultimate determination. The court wanted us to exhaust our remedies as it relates to whether or not we've received the material. Was there a state that asked the FBI to do this, essentially? Yes. It could have done it itself, but it had an FBI doing it. Correct. And the FBI had no other involvement, so it has to be a joint investigation. Sure. So why do you want us to decide for something that seems like the state court, then there's more at the state level right now, could decide whether this is a Brady violation or not, could they? They could, but we have to exhaust our remedies. We have to make the effort to secure the polygraph results, and we're doing that. I must say that I have never heard of this procedure before, and it seems really weird. I would have thought that the state would have some obligation to come in and try to enforce this. You would think so, but the state's response or their position was that it's not in their possession, it's in the possession of the federal government. You can see from the excerpts of records that I believe it's 8.189. There's a court order that would be produced, even in terms of litigating with the FBI, whether it's going to be produced, do you think that the state would be involved by you? You would think so, considering that the court stated, that our district court in the state court has stated that it would address our motion to dismiss once the determination is made and once we've solved the reasons. The reason this comes up is because the federal government ignored orders from the state court, is that right? Right. So what they say is we have David Sterritts, the chief counsel for the division, saying we will give you this material, and then we have the U.S. Attorney's Office saying, as David Sterritts has stated, we will give you this material, you just have to follow TUI. We do the TUI demand, and then we get a response out of left field saying this is law enforcement privilege. And where we get to the arbitrary and capriciousness of that decision, as well as the error in the district court's order, is there is no analysis. It just says, well, this is inadmissible, and therefore it's not Brady. Well, if it's inadmissible, why did our state court judge say we can have it? But their law enforcement privilege, does their law enforcement privilege depend on it being inadmissible and therefore Brady, or is there a notion that whatever it is, it's law enforcement privilege because it reveals our methodology to someone even if it were inadmissible in state court? You can invoke the law enforcement privilege. That is not contingent upon admissibility. However, the law enforcement privilege invocation under OVRO, as well as there's some district court cases, requires a balancing, and this court has not yet adopted the factors in the Frankenhauser case. The Eastern District in California adopted those factors in Kelly v. City of San Jose, and obviously I would invite the court to adopt that approach because the Fifth Circuit Court of Appeals adopted that approach in U.S. Department of Homeland at 459 F3565, and I think that would be something great to take away from these proceedings is the ten-factor analysis that should be employed by a court when there's an invocation of the law enforcement privilege. It's a qualified privilege, and what you have here is somebody facing the most serious criminal charges. You have division counsel for the FBI saying we're going to give you this material. Who's in a better position to decide whether or not there's a privilege? Apparently, the privilege requires that it be exercised by the supervising person, and so that's not entirely. You keep harping on that, but it's not particularly pertinent to anything. What we have with the United States District Court order is no analysis of the factors of the compelling need for Dr. Shaw to have this material. Instead, they say inadmissible, and therefore it's awkward, and therefore you don't get it. But when you actually do the analysis, considering that the judge presiding. I think their decision hinges heavily on it being not Brady. I think it entirely hinges upon it being the district court's decision was this is not Brady, therefore you don't get it. There was no other analysis of the compelling needs of Dr. Shaw to have this material, and that analysis is required. Ms. Elk, we'll give you a minute. Thank you. One final question. Does Brady apply to inculpatory evidence? No. The Brady case itself is expulgatory evidence that the prosecutor is aware of or should have been aware of in the possession of other law enforcement agencies. Is there any state out there, any, I guess, authority out there, Ninth Circuit or Supreme Court, that's held that FBI can violate Brady in a state court criminal procedure? No. There are a couple of cases, and I think the Rimmer case is the one cited the most by the government that talks about whether or not the government has a Brady obligation when they are not the prosecuting body. And in the Rimmer case, what happened was there was a state prosecution by the Memphis Police Department and a parallel federal prosecution, but they weren't joint prosecutions or investigations. And the Rimmer court held that it was not a Brady violation for the federal government not to turn over material that they received in their investigation. But when it is a joint investigation, there is nothing to suggest that the government wouldn't have a Brady obligation. To the contrary, that would be an unacceptable public policy determination. In this case, the FBI had no independent investigation. It was all joint, and therefore they have the Brady obligation. Why wouldn't the state have the obligation? They do as well. I don't understand. I mean, the state essentially delegated this to the FBI. It's like they hired a contractor. So it seems to me it's their responsibility, and why don't they just have an obligation to produce it if it's otherwise producible? I agree 100%. Why don't they have the obligation? So why are we even here? Why didn't the state court just say to the state, produce it? Because the state takes the position they can't produce it, and it's been made clear that the government is not going to voluntarily produce it. So there is potentially a remedy. I don't know. You say that they have to exhaust it. I'm not sure they have to exhaust these measures when it's primarily a state court issue, and the state court can't direct either, I guess, that would be another issue, I guess, on appeal on whether the state court can direct the prosecution in this case to hand it over under Brady. I think the state court can direct the prosecution to hand it over, knowing that the prosecution is unable, and then the question is going to be the next remedy for the prosecutor's failure. This is a civil case for us. This is a civil case. The Brady application in a civil case is rare. It's definitely an interesting dynamic, but the Brady analysis is necessary under the circumstances. And the problem with it is that we are sort of at sea because the underlying criminal case isn't our case, and we have a very hard time knowing enough about it, and we don't know anything about it in terms of whether it is or isn't a Brady violation. Except for what's been briefed, yes, I agree. Okay, thank you very much. Thank you. Troy Flake, Brady Police Court. Troy Flake for the United States of America. Is this a very unusual situation, or does it exist elsewhere? It exists elsewhere, Your Honor. The United States Service has addressed similar situations. For example, in the Mack case, which is repeatedly cited, there's an APA claim that the defendant needed information that was in the possession of the FBI, and they raised a due process Brady challenge. But did they need it because the state court had issued an order and the state prosecutor wasn't able to provide it because the FBI wouldn't give it to the state prosecutor? I mean, is that what's going on here? That's probably the aspect of this case. It's important to distinguish the information that's sought. They have the report. We gave the report to the state. I understand that. It's the raw data underlying the report. But ordinarily, I mean, if I'm the state and I delegate to someone else to do something, I could and I would think I would get the entire story back, and then you could give it to them. For some reason here, the state didn't get the entire story back. They got only part of it. And now the FBI won't give it to the state or to them? That's correct, Your Honor. The FBI doesn't want to turn over this information, but the information itself is not the story. The information doesn't tell the story at all. The report, which they have, tells the story. The information shows what the polygraph machine recorded, which is the technical details that the FBI is extremely concerned about. So, for example, if you have a DNA test, correct? And suppose a state agency didn't have very good DNA tests, so they took the sample to the FBI and they said, here, would you do the DNA test for us? I don't know whether the FBI would or wouldn't, but assuming that they would. You know, it's fairly routine, quite routine in litigation involving DNA, where DNA is introduced to get, you know, the whole story in terms of what was actually found by the scientists with regard to the DNA sample, right? That's correct. What was found by the polygraphist is what's behind it. Well, and you could go behind it. That's why, I mean, for example, in the Crawford cases about DNA and about scientific evidence, you have to have the actual person who did the test available to testify how they did the test, right? So what they want here is essentially the equivalent of that. They have the person here on it. They can get the polygraphist to testify that he's been named as a witness in the state for a trial. What the FBI is concerned about is the protocols, the way that polygraphs are conducted. But they're going to be in the same position. I mean, is he going to have to testify as to the protocols? If he testifies as to the protocols, he can, you know, he would, I don't know what he's going to do in that situation. I don't know. I mean, we could, in that case, first of all, we haven't received a jury request for his testimony, but we would limit it so that he couldn't testify to things that are protected by the law enforcement privilege. Let's talk about the law enforcement privilege, because I do have some concerns about the, I think it's the March 28th letter from the U.S. Attorney Bogdan to Mr. Shah's counsel. First, the letter cited the law enforcement privilege as justification for denying the charts and the graphs and the raw data associated with the polygraph examination. And other circuits have clarified what the law enforcement privilege is, but based on night circuit and Supreme Court case law, can you explain to me what the law enforcement privilege is and what are the limits? The letter doesn't clearly articulate the DOJ's perspective on the scope of the law enforcement privilege. In fact, it doesn't cite any law justifying the assertion of law enforcement privilege. The TOOEY regulations have the force of law, and the TOOEY regulations prohibit the U.S. Attorney from disclosing. But the TOOEY privilege can't create an independent privilege. That's correct. You understand that, right? So then why does the March 28th letter cite so prominently to this? I mean, it looks like they're citing this as justification, and that's not an independent basis for privilege. And you rely then on the privilege but state hardly nothing but just refer to it, and they're trying to figure out the law to support it. I think it's important to look at this letter in the context of the request. Their request was for the polygraph raw data, the charts and graphs, and they stated it was because it was important, because it formed part of a basis for the probable cause. And that's really it. No, therefore, in terms of the discussion we were having earlier, your position is it doesn't matter whether it's Brady, not Brady, or anything else. What he was using for is just immaterial. Well, I think that the United States Attorney is under obligation, and I hope this can answer both of your questions, because the scope of the law enforcement privilege is on a case-by-case basis, and it's the courts that have determined that. So he needs to weigh it. He needs to weigh the interest in nondisclosure on the part of the government against the institution. But that's just what he is saying. There's no indication here that he did that. Well, the U.S. Attorney letter is really thin. I mean, it looks like the Assistant Director of Security Division for the FBI elaborates more, and I'm not quite sure why it's just kind of emphased from that to put in the U.S. Attorney letter. But it's really thin, except for the prominent TUI regs, which is not an independent basis. You have very little with respect to the law enforcement privilege in the letter. In the letter, you're correct, Your Honor. But I think from the letter, you know, I don't think the United States Attorney elaborated in great detail why he came to the decision. However, that is simply because there was any – Any detail or cite any law. Well, I mean – So, I mean, he just stated law enforcement privilege. That's correct, Your Honor. I mean, the letter does not cite any cases or anything to establish this. But what I think the U.S. Attorney's letter does indicate is that in the context of their request, which essentially had nothing on the opposite side of the scale as the FBI's concern, the United States Attorney didn't have anything that they offered to weigh in against. And so he said, listen, the FBI has a concern about the release of this information. And if I get that, what he said, the letter says, I am determined that the request should charge Grafson raw data, or seeking or privileged law enforcement records, and cannot be disclosed. If I read that, I would think it means no matter what, these records are law enforcement records and they cannot be disclosed, no matter what you want them for. Well, no matter what, based on his request. Remember that what we're looking at here is whether – But he didn't say that. He didn't say – he simply says these records are law enforcement records, period. That's correct. He was not well served by that letter, I'm just saying. But let me ask you this. Even if we take the points that are being made now, and by the Assistant Director person, I think it was Mr. Turner, is there any way to allow for the defense attorney to view this confidentially, with the promise not to disclose that information? Not that I know of, Your Honor, because disclosure to a third party is waiver in the cases that I've seen. That doesn't make sense. If the law enforcement takes account of the circumstances, then it would only be – the only person who would be entitled to it is the person in those circumstances. Well, I don't – Your Honor, I have looked, and I have not found a case where a court held one way or the other as to when a law enforcement privilege based on law enforcement techniques was or wasn't waived. I've just never seen that. But if you agree that it is not an absolute – I mean, the whole dialogue we're having is, if it's not simply a question of these records are in or out, but rather it's a balancing, then there can't be a waiver based on the fact that the balance in this case goes one way, when in another case it would go another way. There can't be a waiver. I think that there could be a waiver, for example, in a FOIA context, if you're claiming that – But this isn't a FOIA context. That's the whole point. But the law enforcement privilege won't stop the use of the information in all contexts. The possibility of a future person getting the law enforcement information, if a future person were to go to court, ask for this information, say, in a FOIA context. In a FOIA context, it would have to be – the law enforcement privilege, I would think, needs to be essentially absolute because it's going out to the world. But here it's not going out to the world. Now, there's a book to it, but it's not the same thing, exactly because it is not going out to the world. But a voluntary waiver of the privilege. I really think there's very little to stand on there. Yeah, I agree. There's no clearly established case law. How does it know Kelly's that? What you're saying doesn't make much sense. Thank you, Your Honor. Thank you. I'll just start with the waiver issue. The government's counsel has acknowledged that there is not a single case that suggests there would be a waiver of the law enforcement privilege forevermore as a result of letting Dr. Shaw or his expert review the polygraph charts and material. Hey, remember, does the First Circuit case deal with a waiver, the Commonwealth of Puerto Rico versus the United States? Are you aware of that case? I have that case with me. I don't remember it dealing with waiver. I think it might, but I'm not 100% sure. But it certainly does agree with Mr. Blake that it would disclose techniques and procedures for law enforcement investigations or prosecutions of such. A disclosure could reasonably be expected to risk circumvention of the law. The Puerto Rico case definitely discussed the law enforcement privilege and would suggest that it could be applicable under these circumstances. I don't recall it dealing with the waiver issue. But you also have other cases where the courts have ordered the polygraph charts and data material to be produced, and it's not been deemed a waiver. You have the United States versus Hart, which is Eastern District of New York. You have U.S. versus Anderson, 788 F2nd 517. So there is precedent for the courts ordering that a defendant be produced the polygraph raw charts, data, and material. And, obviously, it's not been suggested to be a waiver forevermore. When there was a Puerto Rico case, though, was there a question in the context of a criminal case? No, it was not in the context of a criminal case. It was in the context of the Puerto Rico was doing their own investigation, and they submitted, I believe it was subpoenas, to the federal government. And then there was a question of the two separate sovereigns. It was a bank robbery, wasn't it? It was a bank robbery. The Department of Justice subpoenaed FBI records related to an FBI investigation into the criminal activity of Mr. Rios, who committed a bank robbery. So I think it was in the connection. In fact, it seems pretty parallel to what happened. From Commonwealth of Puerto Rico versus the United States at 499 and 3050? Yes. It says the case presents a novel question. Does the Commonwealth of Puerto Rico have a non-statutory cause of action grounded in its sovereign authority under Constitution to obtain information from the FBI in connection with the criminal investigation into the activities of FBI employees? They were investigating the FBI employees. Right. The Commonwealth was investigating the federal government, subpoenaed records. The federal government said, no, we have protections, and then we go through the whole analysis. I haven't. It's a bank robbery, but I don't have any. Maybe you have, but the FBI employees are doing it. Yeah, but the issue there was the sovereignty. You've got the Commonwealth of Puerto Rico saying to the federal government, give us this material, and the federal government resisting, and then we go through the whole analysis under TUI, as well as the law enforcement privilege. But, again, there is nothing to suggest that the government providing this under these circumstances would be of use. Right. So, ultimately, our position is what? That the law enforcement privilege wasn't adequate, it was plain, that you're entitled, that we should be looking at the balancing and deciding whether there is sufficient possibility under state law that you actually could use this for something useful. Why? I guess it would be a three-part approach. First, we have to establish arbitrary and capriciousness of the U.S. Attorney's decision. So, in furtherance of that, the arbitrary and capricious nature of their denial under TUI, which this court has already addressed, is that they simply said law enforcement privilege, we're not turning it over. They didn't perform any type of balancing, which is required under both law enforcement analysis, as well as the CFR itself. The CFR 28, CFR 16.26, subsection B, specifically says that if a law enforcement privilege is invoked, then you have to determine if the administration of justice requires production of the material. None of that was done. And when we take that, and I know Your Honor didn't give too much weight to Mr. Starrett's comments, but when we take that with the actual calligrapher being listed as a witness by the State of Nevada in the prosecution, and division counsel saying we can look at this material, it kind of highlights the arbitrary and capricious nature of all of a sudden invoking a privilege on their behalf. They're the people that did the investigation and hold the privilege. All of a sudden, the U.S. Attorney invokes that privilege on their behalf with no explanation whatsoever. So, that's the arbitrary nature. Well, if they're only putting the calligraphed person on, in fact, then that would shift the issue, right? Except that, I think, realistically, if we don't get a remedy for the Brady violation, assuming we don't get this material, we would really be excluded. Well, the problem is we have no idea if there's a Brady violation. I mean, the problem with the Brady violation is we have no idea if there's a Brady violation. Until we analyze it. Right. We don't have any idea whether it was inculpatory or exculpatory or what it is. Until it's analyzed and it's accurate. Right. So, why it doesn't make more sense to wait until the trial and see if he actually shows up, and then you can project at that point that you have to get the information and require the state to provide it. We already have an order requiring the state to provide it. So, I think at this point, if the judge didn't give us. The order. You're standing on that order. That order was not in the context of where we are now. That order was at the beginning, based on the state prosecutor, if I recall correctly. State prosecutors say if they promised to hand it over when they were wrong, then they didn't realize that they didn't have that authority. You had gotten that order at that point in time. Is that not right? We got the order when the state prosecutor told us that Special Agent McKamey, the proligrapher, and his, quote, supervisor, end quote, would turn over the material as long as we had an order. So, then we pursued and received the order. Right. But now, a lot of it's come to light. One, that the state prosecutor didn't have the authority or whatever to give that. The U.S. attorney had to be brought in. So, you're in a whole different context now. Procedurally, the next step, assuming that we didn't get the material, would be to file a motion to dismiss for the violation of the court order and what we believe to be a Brady violation. Well, you can do whatever you want, but it's in a different context than it was before. So, you're standing on that order. I don't think it's exactly, you know, you're representing that we've already gotten an order. Well, we have a court order that says material to be produced. Did the judge analyze all of the circumstances that exist as of today? No. Obviously, he wasn't in a position to do that. Okay. Thank you both. Thank you.
judges: Hawkins, Berzon, Murguia